1  | Roy Tuck
2  | 1600 E. Vista Way #85
   | Vista, CA 92084
3  | Ph: 760-840-1551

FILED

JAN 22 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

4  | Plaintiff In Pro Se

8  |            **IN THE UNITED STATED DISTRICT COURT**
9  |            **SOUTHERN DISTRICT OF CALIFORNIA**

**16CV0160 JLS KSC**

| | |
|---|---|
| ROY TUCK | ) CIVIL ACTION NO. |
| Plaintiff, | ) VERIFIED COMPLAINT FOR DAMAGES |
| vs. | ) VIOLATION OF 47 U.S.C.§227 *et seq.*TCPA |
| | ) VIOLATION OF 15 U.S.C.§1692 *et seq* FDCPA |
| | ) VIOLATION OF CALIFORNIA RESENTHOL |
| DIRECTV | ) FAIR DEBT COLLECTION PRACTICES ACT |
| | ) CAL. Civ. §1788 *et seq.* |
| Defendant. | ) |
| | ) DEMAND FOR JURY TRIAL |
| | ) |

## COMPLAINT

COMES NOW, ROY TUCK, Plaintiff "In Pro Se" in the above-entitled case as an individual hereby sues the Defendant DIRECTV, for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*, for violations of the Telephone Communications Practices Act (TCPA) 47 U.S.C. §227(a)(iii), and also for violations of the California Rosenthal Fair Debt Collection Practices Act Civil Code Section 1788 *et seq.*

## PRELIMINARY STATEMENT

**1.** This is an action for damages and injunctive relief brought to this 9th Circuit U.S. District Court by Plaintiff ROY TUCK against Defendant DIRECTV for numerous statutory violations of the Telephone Consumer Practices Act (TCPA) 47 U.S.C. §227(b)(1)(A), and 47 U.S.C. §227(b)(1)(A)(iii), for strict statutory

*Plaintiff Copy*

1  violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.
2  §1692c(a)(1), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692d(5),
3  Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692d(6),Fair Debt
4  Collection Practices Act (FDCPA) 15 U.S.C. §1692e(10), the California Rosenthal
5  Fair Debt Collection Practices Act (CFDCPA) CAL. Civ. §1788 *et seq.*

## JURISDICTION AND VENUE

6

7  **2.**  Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3)  and
8  15 U.S.C. §1692(k)(d),  supplemental jurisdiction also exists for the state law claims
9  pursuant to California Stat.§1788 and California Code of Civil Procedure §410.10.

10  **3.**  Defendant DIRECT TV conducts business in the State of California and
11  therefore, personal jurisdiction is established. The jurisdiction of this court is
12  furthermore conferred by 15 U.S.C. §1681p.

13  **4.**  Venue is proper pursuant to 28 U.S.C. §1391b and California Civil
14  Procedure §395(a). Venue in this 9TH district is proper in that Plaintiff TUCK resides
15  in San Diego County, the Defendant DIRECT TV transacts business in San Diego
16  County, and the conduct complained of occurred in San Diego County.

17  **5.**  This is an action for damages which *exceeds $50,000.00 U.S. Dollars*

## PARTIES

18

19  **6.**  In Pro Se Plaintiff, ROY TUCK, ( hereinafter "TUCK") is a natural
20  person and a  resident of the State of California, San Diego County.

21  **7.**  Upon information and belief Defendant DIRECTV is a company fully
22  authorized to do business in California, with a corporate headquarters located at
23  Greenwood Village, Colorado, 80155 and a billing headquarters based out of
24  Phoenix, Arizona.

25  **8.**  Defendant DIRECTV is a multi-state TV service providing entity which
26  during the coarse of its normal business hours collects consumer debts, bringing
27  DIRECTV well within the ambit's of the California Rosenthal Fair Debt Collection
28  Practices Act (CFDCPA) as defined by California Civil Procedure §1788 *et seq.*.

# FACTUAL ALLEGATIONS

**9.** Plaintiff TUCK *has no prior or present established relationship* with the Defendant DIRECTV as it pertains to the alleged consumer debt account  or unreturned TV equipment.

**10.** Plaintiff TUCK *has no contractual obligation to pay* Defendant DIRECTV *anything*.

**11.** Plaintiff TUCK *has never given* Defendant DIRECTV *express written permission* to call Plaintiffs cellular phone more than 55 times between the dates of December 31, 2012 to June 12, 2015. {Please see Exhibit A attached herein}. Defendant DIRECTV called Plaintiff's cell phones 760-840-1809 & 760-840-1551 from phone numbers 800-531-5000, 800-303-9117, 866-949-4507, 866-319-9838, 877-829-4723 more than 55 times, clearly violating 15 U.S.C. §1692c(a).

**12.** Plaintiff TUCK hereby moves this honorable court to take NOTICE that none of the more than 55 harassing consumer debt collection calls made  by Defendant DIRECTV between the dates of December 12, 2012 and June 12, 2015 *were made for emergency purposes* clearly violating 47 U.S.C. §227(b)(1)(A)(iii).

**13.** Plaintiff TUCK moves this honorable court that between the dates of December 31, 2012 to June 12, 2015 Defendant DIRECTV called Plaintiff's cell phones 760-840-1809 & 760-840-1551 from phone numbers 800-531-5000, 800-303-9117, 866-949-4507, 866-319-9838, 877-829-4723 more than 55 times violating the TCPA's strict statutory guidelines *by using automatic telephone dialing system capabilities or artificial or prerecorded messages or voices* on the Plaintiff's cell phones  clearly violating 47 U.S.C. §227(b)(1)(A).

**14.** Between the dates of December 31, 2012 to June 12, 2015 Defendant DIRECTV called Plaintiff's cell phones 760-840-1809 & 760-840-1551 from phone numbers 800-531-5000, 800-303-9117, 866-949-4507, 866-319-9838, 877-829-4723 more than 55 times.  Defendant DIRECTV *asserted a right which is lacks to wit, the right to enforce* a $404.46 consumer debt allegedly owed by TUCK.

1     **15.**   Between the dates of December 31, 2012 to June 12, 2015 Defendant
2  DIRECTV called Plaintiff's cell phones 760-840-1809 & 760-840-1551 which is
3  assigned to San Diego county cell phone service provider T-MOBILE from phone
4  numbers 800-531-5000, 800-303-9117, 866-949-4507, 866-319-9838, 877-829-4723
5  more than 55 times. Defendant DIRECTV *failed to identify that they were consumer*
6  *debt collectors* trying to collect a $403.46 consumer debt originating during the year
7  of 2009,  allegedly owed by the Plaintiff TUCK.

8     **16.**   On numerous occasions the  Plaintiff has demanded in writing that
9  Defendant DIRECTV provide Plaintiff TUCK with written "verification" and
10  consumer debt validation and defined by 15 U.S.C. §1692g(1)(2)(5)(b) and the
11  California Consumer Protection Statutes and Laws clearly demonstrate willful and
12  non-compliance with 47 U.S.C. §227(b)(1)(A).

13     **17.**   Defendant DIRECTV by and thru their above-described actions  violated
14  the strict statutory guidelines set forth in §1692d of the Fair Debt Collections
15  Practices Act (FDCPA) *by engaging in conduct the natural consequences of which is*
16  *to harass, oppress, or abuse* the Plaintiff  by calling his cell phone on more than 55
17  separate occasionsover a three and a half year period of time from December 31,
18  2013 to June 12, 2015. Many of these cell phone calls were placed before the early
19  morning hours of 8:00 am,  and many of these same abusive calls were placed
20  multiple times on the very same day, all of which the Plaintiff has to pay for.

21     **18.**   Defendant DIRECTV *clearly violated* section §1692d(5) of the Fair Debt
22  Collection Practices Act (FDCPA) and at the *very same time* violated the California
23  Rosenthal Fair Debt Collection Practices Act (CFDCPA) Section §1788.17 by
24  calling Plaintiff TUCK on his personal cell phones on more than 55 separate
25  occasions and  causing Plaintiff TUCK's  cellular phone to ring repeatedly and
26  continuously with the intent to annoy, abuse, or harass.

27     **19.**   This same alleged $403.46 consumer debt arose out of a transaction that
28  was primarily for personal, family, or household purposes.

**20.**   As Plaintiff has no business debt, the alleged debt sought now by Defendant DIRECTV could only have been used for personal purposes.

**21.**   During this same 3 and ½ year period of time the Defendant DIRECTV ignored all written attempts by Plaintiff TUCK to have DIRECTV cease and desist all collection activities immediately, *instead*, the Defendant *commenced an ongoing daily 3 ½ year campaign to harass, abuse and coerce Plaintiff TUCK into paying the alleged $403.46 consumer debt.*

**22.**   On October 23, 2012, Plaintiff TUCK sent Defendant DIRECTV a Notice of Intention to Commence Action by United States Certified Mail Receipt No# 7014 0510 0001 5651 5728 *which the Defendant received and signed for on October 29, 2012*. To date DIRECTV has not responded to any/all communication efforts made by Plaintiff Tuck.

## COUNT I
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA) 47 U.S.C. §227(b)(1)(A) BY DEFENDANT DIRECTV

**23.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 22 herein.

**24. (TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice.

**25.** Defendant DIRECTV has demonstrated willful and knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's cell phone numbers more than fifty five (55) times from December 31, 2012 thru June 12, 2015. All of these same call's were made to Plaintiff TUCK'S cellular phone numbers (760)-840-1809 &

1   (760)-840-1551 assigned to a San Diego county cellular service provider T-Mobile
2   and listed on the "National Do Not Call List" since December 17, 2008.

3       **26.**   Defendant DIRECTV  has committed fifty six (56)  separate strict
4   statutory violations of 47 U.S.C. §227(b)(1)(A).  Accordingly Plaintiff TUCK  is
5   *entitled* to statutory damages in the amount of $500 dollars U.S. for the first
6   "*unintentional*" consumer collection call made to Plaintiff TUCK by the Defendant
7   DIRECTV on December 31, 2012 at 10:17 am {See Exhibit A attached herein}
8   pursuant to 47 U.S.C. §227(b)(1)(A).

9       **27.**  Plaintiff TUCK is *also entitled to* treble damages or $1500.00 dollars U.S.
10  for *each* of the additional fifty five (55) "*intentional*" debt collection calls placed by
11  Defendant DIRECTV to the Plaintiff's cell phone numbers (760) 840-1809 &
12  (760) 840-1551 after this initial first "*unitentional*" call pursuant to 47 U.S.C.
13  §227(b)(3)(B).

14      **28**.  Defendant DIRECTV has demonstrated willful and knowing non-
15  compliance with 47 U.S.C. §227(b)(3)(B) as those calls were ALL *"intentional"*,
16  meaning the last fifty five (55) consumer debt collection calls placed by DIRECTV
17  to Plaintiff TUCK are *subject to treble damages, or $1500 per call* pursuant to
18  47 U.S.C. §227(b)(3)(B) .

19      **29.**   Defendant DIRECTV has also demonstrated willful or knowing non-
20  compliance with 47 U.S.C. §227(b)(1)(A)(iii) as 55 of the consumer debt collection
21  calls made by the Defendant DIRECTV to the Plaintiff are subject to treble damages
22  pursuant to U.S.C. §227(b)(3) as these calls were intentional.

23      **30.**  Plaintiff TUCK and DIRECTV do not have an established business
24  relationship within the meaning of 47 U.S.C. §227 *et seq.*

25      **WHEREFORE**, Plaintiff TUCK demands judgement for damages against
26  GPS for actual, statutory, and punitive damages, attorney's costs and fees pursuant
27  to 15 U.S.C. §227(b)(1)(A), together with such other and further relief as the Court
28  may deem reasonable and just under the circumstances.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**(FDCPA) 15 U.S.C. §1692(c)(a)(1) BY DEFENDANT DIRECTV**

**31.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 30 herein.

**32. 15 U.S.C. §1692(c)(a)(1) states in part;**

COMMUNICATION WITH THE CONSUMER GENERALLY without the *prior express written consent* of the consumer given directly to the consumer debt collector or the *express permission* of a court of competent jurisdiction, a consumer debt collector *may not* communicate with the consumer in connection with the collection of the consumer debt.

**33.**   Defendant DIRECTV placed more than fifty five (55) voice and/or automated telephone calls to Plaintiff TUCK'S  personal T-Mobile cellular phone numbers (760)-840-1809 & (760) 840-1551 between the dates of December 31, 2012 and June 12, 2015, DIRECTV *deliberately and intentionally* committed 55 separate and distinct statutory violations of 15 U.S.C. §1692(c)(a) . *Every single one* of these illegally placed calls was made by Defendant DIRECTV  *without* the *prior express written consent* of the consumer Plaintiff TUCK.

**34.**   Defendant DIRECTV  knew or should have known that all 56 voice and/or automated  phone calls placed to Plaintiff TUCK's personal cellular phones were both inconvenient, annoying,  and cost him money on his cell phone bills. Every single one of these placed calls made by DIRECTV staff were made to Plaintiff TUCK'S cellular phones *without* the *prior express written consent* of the consumer,  Plaintiff TUCK.

**35.**   Defendant DIRECTV  progressively violated 15 U.S.C. §1692(c)(a)  by continuously calling TUCK more than fifty five (55) times  over a period of months and years between the dates of December 31, 2012 and June 12, 2015. {See Exhibit A attached herein, i.e. TUCK'S T-Mobile personal cell phone logs}. Every single one of these fifty six (56) calls was placed  by DIRECTV *without* the *prior express written consent* of the consumer,  Plaintiff TUCK.

**36.** Such communication is strictly prohibited by 15 U.S.C. §1692(c)(a).

1    **WHEREFORE,** Plaintiff TUCK demands judgement for damages and

2  injunctive relief against Defendant GPS for actual statutory punitive damages,

3  attorney's fees and costs pursuant to 15 U.S.C. §1692(c)(a), together with such other

4  and further relief as the Court may deem reasonable and just under the

5  circumstances.

6                          **COUNT III**

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

7              **§1692(d)(5) BY DEFENDANT DIRECTV**

8    **37.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional

9  allegations and general factual allegations in paragraphs 1 thru 36 herein.

10   **38. 15 U.S.C. §1692(d) states in part;**
     A debt collector may not engage in any conduct the natural consequences

11   of which is to harass, oppress, or abuse any person in connection with the
     collection of a consumer debt. Without limiting the general application of

12   the foregoing, the following conduct is a violation of this section:

13

14   **39. 15 U.S.C. §1692(d)(5) states in part;**
     Causing a telephone to ring or engaging any person in a telephone

15   conversation repeatedly or continuously with the intent to annoy, abuse,
     or harass any person at the called number.

16   **40.** Defendant DIRECTV violated 15 U.S.C. §1692(d)(5) by calling Plaintiff

17  TUCK on his personal cell phone numbers (760)-840-1809 & (760) 840-1551 more

18  than fifty (55) separate times {many times before 8:00 am in the morning}

19  {many times calling multiple times in the same day} directly causing the Plaintiff's

20  personal cell phone to ring repeatedly and continuously with the *intent* to *annoy,*

21  *abuse, or harass* the Plaintiff.  Every single one of these placed calls was made by

22  GPS *without* the *prior express written consent* of the consumer,  Plaintiff TUCK.

23   **41.** During this same 53 day period between February 25, 2015 and

24  April 17, 2015 DIRECTV  staff intentional and repeatedly  called Plaintiff TUCK

25  more than 55 times on his personal cell phone numbers (760) 840-1809 &

26  (760) 840-1551 This has caused this 56 year old Plaintiff undue stress, confusion,

27  long term nervousness and embarrassment, and unexpected increased cell phone bills

28  that this Plaintiff could ill afford, {See Exhibit A attached herein}.

1    **42**. Plaintiff Tuck hereby alleges that Defendant DIRECTV caused his cell

2    phones to ring on more than fifty five (55) separate occasions between the dates of

3    December 31, 2012 and June, 12, 2015, by causing him to answer these calls and

4    either engage in a conversation with DIRECTV staff or have to listen to numerous

5    pre-recorded messages left by DIRECTV staff on TUCK'S cell phone message

6    service accounts, which Plaintiff TUCK has to pay monies for.

7    **WHEREFORE**, Plaintiff demands judgement against GPS for actual,

8    statutory, and punitive damages, attorneys fees and costs, pursuant to

9    15 U.S.C. §1692(d)(5), together with such other and further relief as the Court may

10    deem reasonable and just under the circumstances.

11    **COUNT IV**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

12    **15 U.S.C. §1692(d)(6) BY DEFENDANT DIRECTV**

13    **43.** Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional

14    allegations and general factual allegations in paragraphs 1 thru 42 herein.

15    **44. 15 U.S.C. §1692(d) states in part;**

16    A consumer debt collector may not engage in any conduct the natural

17    consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged consumer debt.

18    Without limiting the general application of the foregoing, the following conduct is a violation of this section:

19    *The placement of telephone calls without meaningful disclosure*

20    *of the caller's identity.*

21    **45**. Defendant DIRECTV staff/personnel violated 15 U.S.C. §1692(d)(6)

22    by placing more than fifty five (55) automated and/or voice calls to Plaintiff

23    TUCK'S cell phones between the dates of December 31, 2012 and

24    June 12, 2015. On several occasions these very same calls were made without

25    meaningful disclosure of the caller DIRECTV's true identity. All fifty five (55)

26    calls were independently placed at different times. Every single one of these

27    more than 55 phone calls placed by Defendant DIRECTV were being made

28    *without* the *prior express written consent* of the consumer, Plaintiff TUCK.

1  This added to the Plaintiff's daily confusion and anxiety about these very same
2  calls.

3      *i.e.*    *Who is this person or machine on the other end of the phone?*
4            *Why are they calling me almost every day, many times a day?*
          *Why are they leaving these strange messages?*
5            *Why won't the people (when they do come on the line)*
          *not listen to me and stop calling me?*

6      **46.**  Defendant DIRECTV is using the Plaintiff's age 56 years old and
7  inability to properly hear correctly in both ears against him by continually
8  calling him <u>sometime's  more than once a day</u>,  to harass, annoy and coerce him
9  into paying an alleged grossly inflated, non-existent consumer debt.

10      **47.**  Defendant DIRECTV thru mailed  dunning letters and phone calls
11  to Plaintiff TUCK threatening to report this same alleged non-existent
12  consumer debt  as a $403.46 negative consumer debt item to be placed by
13  DIRECTV on all three National consumer credit reporting agencies, these very
14  same  illegal business activities  border  on the edge of professional business
15  extortion practices.

16      **WHEREFORE**, Plaintiff TUCK demands judgement for damages
17  against DIRECTV for actual, statutory, and punitive damages, attorney's costs
18  and fees pursuant to 15 U.S.C. §1692(d)(6) together with such other and further
19  relief as the Court may deem reasonable and just under the circumstances.

20  

**COUNT V**
**<u>VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)</u>**
21  **<u>15 U.S.C.§1692(e)(10) BY DEFENDANT DIRECTV</u>**

22      **48.**     Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional
23  allegations and general factual allegations in paragraphs 1 thru 47 herein.

24      **49**. Defendant DIRECTV violated 15 U.S.C. §1692(e)(10) by the use of false
25  representation or deception means to collect or attempt to collect a debt or to obtain
26  information concerning a consumer.

27      **50.** Defendant DIRECTV  staff  lied to Plaintiff Tuck on numerous occasions
28  from December 31, 2012 thru June 12, 2015  to gain information about the Plaintiff.

**51. 15 U.S.C. §1692(e) states in part;**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any consumer debt. Without limiting the general application of the foregoing. The following conduct is a violation of this section:

**52. 15 U.S.C. §1692(e)(10) states in part;**

> The use of any false representation or deceptive means to collect or attempt to collect a consumer debt or obtain information about a consumer.

**53.** Plaintiff TUCK received fifty five (55) illegal placed calls by DIRECTV staff *months after* he had requested in writing on May 3, 2015 for *certfication/validation* of the alleged $403.46 alleged consumer debt. These same fifty five (55) illegally placed calls by Defendant DIRECTV staff constitute more than fifty five (55) separate and distinct statutory violations as defined by 15 U.S.C. §1692g(1)(2)(5)(b) and the California Consumer Protection Statutes/Laws.

**WHEREFORE**, Plaintiff TUCK demands judgement for damages against DIRECTV for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §1692(e)(10) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT VI
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §1788 *et seq.* BY DEFENDANTDIRECTV

Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 53 herein.

**54.** Plaintiff TUCK is a *consumer* within the meaning of 15 U.S.C. §1692 *et seq.*

**55.** Defendant DIRECTV is seeking to collect an alleged $403.46 consumer debt from Plaintiff TUCK as defined by California Civil Procedure §1788(f).

**56.** The alleged DIRECTV consumer debt account in question is a consumer transaction as defined by California Civil Procedure §1788(e), as the Plaintiff

Plaintiff TUCK has allegedly received property, services or money from  Defendant DIRECTV or an extension of credit, and such property, services or money was used primarily for personal, family or household purposes.

**57**. Defendant DIRECTV also violated §1788.11(d) of the California Rosenthal Fair Debt Collection Practices Act (CFDCPA) by placing collection calls to the Plaintiff's cellular phone repeatedly and continuously so as to annoy, harass or embarrass the Plaintiff. *Plaintiff TUCK contends he has always paid all of his consumer bills in as timely manner as possible.*

**58.** Defendant DIRECTV violated §1788.17 of the California Rosenthal Fair Debt Collection Practices Act (CFDCPA) by placing consumer numerous harassing debt collection calls to the Plaintiff with *such frequency* as to be *unreasonable* and to *constitute direct intentional harassment* of the Plaintiff under the circumstances.

**59**. Defendant GPS also violated Section §1788.17 of the California Rosenthal Fair Debt Collections Practices Act (CFDCPA) by *continuously* failing to comply with the statutory regulations contained within the United States Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

**WHEREFORE**, Plaintiff TUCK demands judgement for damages against DIRECTV for actual statutory and punitive damages, attorney's fees pursuant to §1788.30(b) and costs pursuant to §1788.30(c), the California Rosenthal Fair Debt Collection Practices Act CC1788 *et seq.,* together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## VERIFICATION
## DECLARATION OF PLAINTIFF - ROY  TUCK

I, ROY TUCK, declare as follows:

**60**. I am the In Pro Se Plaintiff in the above-entitled 9th Circuit District case.

**61**. I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**62.** I have been damaged *financially*, *socially* and *emotionally* since December 31, 2012 as a direct result of Defendant DIRECTV unlawful actions and conduct including more than fifty five (55) calls to my cellular phones.

**63.** I have read the foregoing pleading's in thier entirety and believe all of the fact's therein stated to be both *true and correct*.

**64.** I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**65.** Plaintiff TUCK demands judgement for damages against DIRECTV for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff ROY TUCK hereby demands a trial by jury of all issues so triable as a matter of law. Respectfully submitted to this court this 22nd day of January 2016.

ROY TUCK, Declarant In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1551

///
///
///
///
///
///

# EXHIBIT A

| DATE | TIME | CALLED FROM | COMPANY |
|------|------|-------------|---------|
| 12/31/2012 | 10:17 am | 800-531-5000 | DIRECT TV |
| 12/31/2012 | 4:22 pm | 800-531-5000 | DIRECT TV |
| 12/31/2012 | 4:25 pm | 800-531-5000 | DIRECT TV |
| 03/13/2013 | 7:31 pm | 800-531-5000 | DIRECT TV |
| 03/14/2013 | 11:49 am | 800-531-5000 | DIRECT TV |
| 03/14/2013 | 12:31 pm | 800-531-5000 | DIRECT TV |
| 03/14/2013 | 12:35 pm | 800-531-5000 | DIRECT TV |
| 03/14/2013 | 12:36 pm | 800-531-5000 | DIRECT TV |
| 03/14/2013 | 7:05 pm | 800-531-5000 | DIRECT TV |
| 03/14/2013 | 7:24 pm | 800-531-5000 | DIRECT TV |
| 03/19/2013 | 9:18 am | 800-531-5000 | DIRECT TV |
| 03/19/2013 | 12:42 pm | 800-531-5000 | DIRECT TV |
| 03/19/2013 | 3:11 pm | 800-531-5000 | DIRECT TV |
| 03/19/2013 | 3:59 pm | 800-531-5000 | DIRECT TV |
| 03/21/2013 | 6:00 pm | 800-531-5000 | DIRECT TV |
| 03/26/2013 | 4:59 pm | 800-531-5000 | DIRECT TV |
| 03/26/2013 | 5:00 pm | 800-531-5000 | DIRECT TV |
| 04/05/2013 | 7:33 am | 800-531-5000 | DIRECT TV |
| 04/05/2013 | 7:35 am | 800-531-5000 | DIRECT TV |
| 04/05/2013 | 7:36 am | 800-531-5000 | DIRECT TV |
| 04/05/2013 | 7:33 am | 800-531-5000 | DIRECT TV |
| 04/08/2013 | 2:27 pm | 800-531-5000 | DIRECT TV |
| 04/20/2013 | 7:58 am | 866-949-4507 | DIRECT TV |
| 04/20/2013 | 7:59 am | 866-949-4507 | DIRECT TV |
| 04/20/2013 | 8:02 am | 866-949-4507 | DIRECT TV |
| 04/20/2013 | 8:41 am | 866-949-4507 | DIRECT TV |

LEGEND: ● SAME DAY CALLS, ○ SAME DAY CALLS, ● SAME DAY CALLS, ● SAME DAY CALLS, ● SAME DAY CALLS. ● <u>CALLS MADE BEFORE 8:00 AM  PACIFIC STANDARD TIME</u>

# EXHIBIT A {CONTINUED}

| DATE | TIME | CALLED FROM | COMPANY |
|------|------|-------------|---------|
| 04/20/2013 | 8:54 am | 800-303-9117 | DIRECT TV |
| 04/20/2013 | 8:55 am | 800-303-9117 | DIRECT TV |
| 04/20/2013 | 10:24 am | 800-347-3288 | DIRECT TV |
| 04/25/2013 | 7:58  am | 800-303-9117 | DIRECT TV |
| 04/25/2013 | 7:59  am | 800-303-9117 | DIRECT TV |
| 05/06/2013 | 8:41 am | 866-319-9838 | DIRECT TV |
| 05/06/2013 | 8:42 am | 866-319-9838 | DIRECT TV |
| 11/07/2013 | 6:01 pm | 800-531-5000 | DIRECT TV |
| 11/07/2013 | 6:03 pm | 800-531-5000 | DIRECT TV |
| 11/07/2013 | 6:06 pm | 800-531-5000 | DIRECT TV |
| 04/08/2014 | 8:57 am | 800-531-5000 | DIRECT TV |
| 04/08/2014 | 8:59 am | 800-531-5000 | DIRECT TV |
| 05/07/2014 | 10:14 am | 800-531-5000 | DIRECT TV |
| 06/02/2014 | 1:55 pm | 800-531-5000 | DIRECT TV |
| 07/01/2014 | 11:19 am | 800-531-5000 | DIRECT TV |
| 07/01/2014 | 11:21 am | 800-531-5000 | DIRECT TV |
| 07/01/2014 | 11:25 am | 800-531-5000 | DIRECT TV |
| 08/06/2014 | 9:39 am | 800-531-5000 | DIRECT TV |
| 08/09/2014 | 9:21 am | 800-531-5000 | DIRECT TV |
| 10/17/2014 | 12:30 pm | 800-531-5000 | DIRECT TV |
| 10/21/2014 | 4:56 pm | 800-531-5000 | DIRECT TV |
| 10/21/2014 | 11:32 am | 800-531-5000 | DIRECT TV |
| 02/27/2015 | 7:05 pm | 800-531-5000 | DIRECT TV |
| 03/01/2015 | 1:23 pm | 800-531-5000 | DIRECT TV |
| 04/04/2015 | 12:11 pm | 800-531-5000 | DIRECT TV |
| 04/04/2015 | 12:12pm | 800-531-5000 | DIRECT TV |

LEGEND: ● SAME DAY CALLS, ● SAME DAY CALLS, ○ SAME DAY CALLS, ● SAME DAY CALLS,
● SAME DAY CALLS. ● CALLS MADE BEFORE 8:00 AM  PACIFIC STANDARD TIME

**ROY TUCK v. DIRECTV,**

**United States District Court Case No.**

## CERTIFICATE OF SERVICE

I, Debbie  Tuck, hereby certify that I am over the age of 18 and not a party to this action caused to be served upon the Defendant DISRECTV a true and correct copy of the following document(s):

* **VERIFIED COMPLAINT FOR DAMAGES**

* **CONSUMER NOTICE OF DISPUTE OF DEBT**

Via U.S. mail, first class, addressed to Defendant's last known reported address as follows:

DIRECTV BILLING DEPARTMENT
PO Box 78626, Phoenix, AZ, 85062-8626.

Executed on this ___ day of January 2016, in San Diego county, U.S.A.

Debbie Tuck

///
///
///
///
///
///
///
///
///