DAVID J. BENNER (Bar No. 105428)
david.benner@att.com
JENNIFER Z. MORRIS (Bar No. 202907)
AT&T SERVICES LEGAL DEPARTMENT
101 West Broadway, Suite 1300
San Diego, California  92101
Tel: (619) 237-3939
Fax: (619) 238-9915

Attorneys for Defendant DIRECTV, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROY TUCK, | CASE NO.  16-cv-00160-JLS-KSC |
|---|---|
| Plaintiff, | **DEFENDANT DIRECTV, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| v. | |
| DIRECTV, a National satellite TV service provider, doing business in California, DOES 1 THROUGH 10, inclusively, | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

Defendant DIRECTV, LLC, erroneously sued as "DIRECTV, a National satellite TV service provider," answers the Amended Complaint on file herein as follows:

1.     Paragraph 1 appears to be Plaintiff's attempt to describe the nature of his Complaint, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 1 are denied.

2.     Paragraph 2 appears to be Plaintiff's attempt to paraphrase the purpose of the FCRA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 2 are denied.

3.      Paragraph 3 appears to be Plaintiff's attempt to paraphrase the purpose of the FCRA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 3 are denied.

4.      Paragraph 4 appears to be Plaintiff's attempt to describe the purposes of the CCRAA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 4 are denied.

5.      Paragraph 5 appears to be Plaintiff's attempt to paraphrase the provisions of the CCRAA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 5 are denied.

6.      Paragraph 6 appears to be Plaintiff's attempt to describe the purposes of the FDCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 6 are denied.

7.      Paragraph 7 appears to be Plaintiff's attempt to paraphrase the provisions of the FDCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 7 are denied.

8.      Paragraph 8 appears to be Plaintiff's attempt to paraphrase the provisions of the FDCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 8 are denied.

9.      Paragraph 9 appears to be Plaintiff's attempt to paraphrase the provisions of the FDCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 9 are denied.

10.      Paragraph 10 appears to be Plaintiff's attempt to paraphrase the provisions of the FDCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 10 are denied.

11.      Paragraph 11 appears to be Plaintiff's attempt to paraphrase the provisions of the RFDCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 11 are denied.

12.      To the extent the allegations in paragraph 12 are jurisdictional, no

answer is required; otherwise, they are denied.

13.     Defendant admits that DIRECTV, LLC is a satellite TV service provider, and does business in California.  Except as expressly admitted, Defendant denies each and every allegation of paragraph 13.

14.     Answering paragraph 14, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.     Answering paragraph 15, Defendant admits that DIRECTV, LLC, does business in San Diego County, except as expressly admitted, Defendant denies each and every allegation of paragraph 15.

16.     Answering paragraph 16, Defendant denies each and every allegation contained therein.

17.     Paragraph 17 appears to be Plaintiff's attempt to paraphrase the provisions of the FCRA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 17 are denied.

18.     Paragraph 18 appears to be Plaintiff's attempt to paraphrase the holding in *Gorman v. M.B.N.A. America Bank, N.A.*, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 18 are denied.

19.     Paragraph 19 appears to be Plaintiff's attempt to paraphrase the provisions of various California Civil Code sections and federal statutes, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 19 are denied.

20.     Paragraph 20 appears to be Plaintiff's attempt to paraphrase the holdings of various cases, therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 20 are denied.

21.     Paragraph 21 appears to be Plaintiff's attempt to set out the provisions of 15 U.S.C. §1692k(a), therefore it requires no answer.  To the extent that an

answer is required, the allegations in paragraph 21 are denied.

22.    Paragraph 22 appears to be Plaintiff's attempt to set out the provisions of California Civil Code section 1788.30(a), therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 22 are denied.

23.    Answering paragraph 23, Defendant admits that Roy Tuck is a person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

24.    Answering paragraph 24, Defendant admits that it is a satellite TV service provider who conducts business in California.  Except as expressly admitted, Defendant denies each and every allegation of paragraph 24.

25.    Answering paragraph 25, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26.    Answering paragraph 26, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27.    Answering paragraph 27, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.    Answering paragraph 28, Defendant denies each and every allegation contained therein.

29.    Answering paragraph 29, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30.    Answering paragraph 30, Defendant denies each and every allegation contained therein.

31.    Answering paragraph 31, Defendant denies each and every allegation

contained therein.

32.     Answering paragraph 32, to the extent that Defendant is alleging that he did not give Defendant permission to telephone him, Defendant denies said allegation and each and every allegation contained therein.

33.     Answering paragraph 33, Defendant denies each and every allegation contained therein.

34.     Answering paragraph 34, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.  (It is unclear what the Plaintiff is alleging.)

35.     Answering paragraph 35, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.  (It is unclear what the Plaintiff is alleging.)

36.     Answering paragraph 36, Defendant denies each and every allegation contained therein.

37.     Answering paragraph 37, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38.     Answering Paragraph 38, Defendant incorporates its responses to Paragraphs 1 through 37 herein as though fully set forth at length.

39.     Paragraph 39 appears to be Plaintiff's attempt to describe the purpose of the TCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 39 are denied.

40.     Paragraph 40 appears to be Plaintiff's attempt to describe the purpose of the TCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 40 are denied.

41.     Paragraph 41 appears to be Plaintiff's attempt to describe the purpose

687167

of the TCPA, therefore it requires no answer.  To the extent that an answer is required, the allegations in paragraph 41 are denied.

42.    Paragraph 42 appears to be Plaintiff's attempt to paraphrase a FCC "Declaratory Ruling," therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 42 are denied.

43.    Paragraph 43 appears to be Plaintiff's attempt to paraphrase a FCC "Declaratory Ruling," therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 43 are denied.

44.    Paragraph 44 appears to be Plaintiff's attempt to paraphrase a FCC "Declaratory Ruling," therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 44 are denied.

45.    Paragraph 45 appears to be Plaintiff's attempt to paraphrase a FCC "Declaratory Ruling," therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 45 are denied.

46.    Answering paragraph 46, Defendant denies each and every allegation contained therein.

47.    Answering paragraph 47, Defendant denies each and every allegation contained therein.

48.     Answering paragraph 48, Defendant denies each and every allegation contained therein.

49.     Answering paragraph 49, Defendant denies each and every allegation contained therein.

50.     Answering paragraph 50, Defendant denies each and every allegation contained therein.

51.     Answering paragraph 51, Defendant denies each and every allegation contained therein.

52.    Paragraph 52 appears to be Plaintiff's attempt to paraphrase the provisions of the TCPA, therefore, it requires no answer.  To the extent that an

answer is required, the allegations in paragraph 52 are denied.

53.     Answering paragraph 53, Defendant denies each and every allegation contained therein.

54.     Answering Paragraph 54, Defendant denies each and every allegation contained therein.

55.     Answering paragraph 55, Defendant denies each and every allegation contained therein.

56.     Answering paragraph 56, Defendant denies each and every allegation contained therein.

57.     Answering paragraph 57, Defendant denies each and every allegation contained therein.

58.     Answering paragraph 58, Defendant denies each and every allegation contained therein.

59.     Answering paragraph 59, Defendant denies each and every allegation contained therein.

60.     Answering paragraph 60, Defendant admits that Roy Tuck is a "person."

61.     Answering paragraph 61, Defendant denies each and every allegation contained therein.

62.     Answering paragraph 62, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

63.     Answering paragraph 63, Defendant denies each and every allegation contained therein.

64.     Answering paragraph 64, Defendant denies each and every allegation contained therein.

65.     Answering paragraph 65, Defendant denies each and every allegation contained therein.

66.     Answering paragraph 66, Defendant denies each and every allegation contained therein.

67.     Paragraph 67 appears to be Plaintiff's attempt to set out various TCPA provisions, therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 67 are denied.

68.      Answering paragraph 68, Defendant denies each and every allegation contained therein.

69.     Answering paragraph 69, Defendant denies each and every allegation contained therein.

70.     Answering paragraph 70, Defendant denies each and every allegation contained therein.

71.     Answering paragraph 71, Defendant denies each and every allegation contained therein.

72.     Answering paragraph 72, Defendant denies each and every allegation contained therein.

73.     Answering paragraph 73, Defendant denies each and every allegation contained therein.

74.     Answering Paragraph 74, Defendant incorporates its responses to Paragraphs 1 through 73 herein as though fully set forth at length.

75.     Paragraph 75 appears to be Plaintiff's attempt to paraphrase the provisions of the 15 U.S.C. §1692, therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 75 are denied.

76.     Answering paragraph 76, Defendant denies each and every allegation contained therein.

77.     Answering paragraph 77, Defendant denies each and every allegation contained therein.

78.     Answering paragraph 78, Defendant denies each and every allegation contained therein.

79.    Answering paragraph 79, Defendant denies each and every allegation contained therein.

80.    Answering Paragraph 80, Defendant incorporates its responses to Paragraphs 1 through 86 herein as though fully set forth at length.

81.    Paragraph 81 appears to be Plaintiff's attempt to paraphrase the provisions of the 15 U.S.C. §1692, therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 81 are denied.

82.    Paragraph 82 appears to be Plaintiff's attempt to paraphrase the provisions of the 15 U.S.C. §1692, therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 82 are denied.

83.    Answering paragraph 83, Defendant denies each and every allegation contained therein.

84.    Answering paragraph 84, Defendant denies each and every allegation contained therein.

85.    Answering paragraph 85, Defendant denies each and every allegation contained therein.

86.    Answering Paragraph 86, Defendant incorporates its responses to Paragraphs 1 through 85 herein as though fully set forth at length.

87.    Paragraph 87 appears to be Plaintiff's attempt to paraphrase the provisions of the 15 U.S.C. §1692, therefore, it requires no answer.  To the extent that an answer is required, the allegations in paragraph 87 are denied.

88.    Answering paragraph 88, Defendant denies each and every allegation contained therein.

89.    Answering paragraph 89, Defendant denies each and every allegation contained therein.

90.    Answering paragraph 90, Defendant denies each and every allegation contained therein.

91.    Answering paragraph 91, Defendant denies each and every allegation

1    contained therein.

2        92.    Answering Paragraph 92, Defendant incorporates its responses to

3    Paragraphs 1 through 91 herein as though fully set forth at length.

4        93.    Answering paragraph 93, Defendant denies each and every allegation

5    contained therein.

6        94.    Answering paragraph 94, Defendant denies each and every allegation

7    contained therein.

8        95.    Paragraph 95 appears to be Plaintiff's attempt to paraphrase the

9    provisions of the 15 U.S.C. §1692, therefore, it requires no answer.  To the extent

10   that an answer is required, the allegations in paragraph 95 are denied.

11       96.    Paragraph 96 appears to be Plaintiff's attempt to paraphrase the

12   provisions of the 15 U.S.C. §1692, therefore, it requires no answer.  To the extent

13   that an answer is required, the allegations in paragraph 96 are denied.

14       97.    Answering paragraph 97, Defendant denies each and every allegation

15   contained therein.

16       98.    Answering paragraph 98, Defendant denies each and every allegation

17   contained therein.

18       99.    Answering paragraph 99, Defendant denies each and every allegation

19   contained therein.

20      100.   Answering Paragraph 100, Defendant incorporates its responses to

21   Paragraphs 1 through 99 herein as though fully set forth at length.

22      101.   Paragraph 101 appears to be Plaintiff's attempt to paraphrase the

23   provisions of the 15 U.S.C. §1692, therefore, it requires no answer.  To the extent

24   that an answer is required, the allegations in paragraph 101 are denied.

25      102.   Answering paragraph 102, Defendant admits that it is a satellite TV

26   service provider who conducts business in California.  Except as expressly

27   admitted, Defendant denies each and every allegation of paragraph 102.

28      103.   Answering paragraph 103, Defendant admits that it is a satellite TV

1   service provider who conducts business in California.  Except as expressly

2   admitted, Defendant denies each and every allegation of paragraph 103.

3        104.   Answering paragraph 104, Defendant denies each and every allegation

4   contained therein.

5        105.   Answering paragraph 105, Defendant denies each and every allegation

6   contained therein.

7        106.   Answering paragraph 106, Defendant denies each and every allegation

8   contained therein.

9

10   **<u>AFFIRMATIVE DEFENSES</u>**

11

12   <u>AS A FIRST SEPARATE AND AFFIRMATIVE</u>

13   <u>DEFENSE TO EACH OF PLAINTIFF'S PURPORTED</u>

14   <u>CAUSES OF ACTION DEFENDANT ALLEGES</u>

15        107.   Defendant is informed and believes, and thereon alleges, that

16   Plaintiff's complaint, and each purported cause of action thereof, fails to state facts

17   sufficient to constitute a cause of action against Defendant.

18   <u>AS A SECOND SEPARATE AND AFFIRMATIVE</u>

19   <u>DEFENSE TO EACH OF PLAINTIFF'S PURPORTED</u>

20   <u>CAUSES OF ACTION DEFENDANT ALLEGES</u>

21        108.   Defendant is informed and believes, and thereon alleges, that any

22   damages or injuries, if any, suffered by Plaintiff, was caused or contributed to,

23   either wholly or partially, by the negligence and/or other fault of Plaintiff.  By

24   reason thereof, damages, if any, to which Plaintiff otherwise might be entitled must

25   be diminished in proportion to the amount of fault so attributable to Plaintiff.

26   / / /

27   / / /

28   / / /

AS A THIRD SEPARATE AND AFFIRMATIVE

DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

CAUSES OF ACTION DEFENDANT ALLEGES

109.   Defendant is informed and believes, and thereon alleges, that any damages or injuries, if any, suffered by Plaintiff, were caused or contributed to, either wholly or partially, by the negligence and/or other fault of other persons and entities.  By reason thereof, if it should be found at trial of this action that other persons or entities were negligently responsible for or at fault, and proximately caused said damages in any degree, then damages, if any, which may be awarded against Defendant should be reduced in proportion to the relative fault or negligence of such other persons or entities.

AS A FOURTH SEPARATE AND AFFIRMATIVE

DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

CAUSES OF ACTION DEFENDANT ALLEGES

110.   Defendant is informed and believes, and thereon alleges, that Plaintiff failed to mitigate his alleged damages thereby reducing recoverable damages, if any, by the same amount.

AS A FIFTH SEPARATE AND AFFIRMATIVE

DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

CAUSES OF ACTION DEFENDANT ALLEGES

111.   Defendant is informed and believes, and thereon alleges, that the complaint and each cause of action alleged therein are barred by the applicable statutes of limitation, including but not limited to California Civil Code §1788.30(f) and §1785.33, 15 U.S.C. §1692k(d) and §1681(p), 28 U.S.C. §1658(a), and any other statutes of similar effect of this or any other jurisdiction.

/ / /

/ / /

/ / /

1

AS A SIXTH SEPARATE AND AFFIRMATIVE

2

DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

3

CAUSES OF ACTION DEFENDANT ALLEGES

4   112.   Defendant is informed and believes, and thereon alleges, that

5 Plaintiff's damages, if any, are limited by a contractual limitations of liability

6 provision in the contract between Plaintiff and Defendant.

7

AS A SEVENTH SEPARATE AND AFFIRMATIVE

8

DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

9

CAUSES OF ACTION DEFENDANT ALLEGES

10   113.   Defendant is informed and believes, and thereon alleges, that any

11 damages or injuries suffered by Plaintiffs, if any, are the result of an intervening or

12 independent cause and are not the result of any act or omission of Defendant.

13

AS AN EIGHTH SEPARATE AND AFFIRMATIVE

14

DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

15

CAUSES OF ACTION DEFENDANT ALLEGES

16   114.   Defendant is informed and believes, and thereon alleges, that the

17 Complaint, and each purported caused of action thereto, fails to state facts sufficient

18 to constitute a basis for exemplary damages.

19

AS A NINTH SEPARATE AND AFFIRMATIVE

20

DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

21

CAUSES OF ACTION DEFENDANT ALLEGES

22   115.   Defendant is informed and believes, and thereon alleges, that Plaintiff

23 has engaged in conduct and activities sufficient to constitute a waiver of any claim

24 or demand for relief which it may otherwise have against Defendant.

25

AS A TENTH SEPARATE AND AFFIRMATIVE

26

DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

27

CAUSES OF ACTION DEFENDANT ALLEGES

28   116.   Defendant is informed and believes, and thereon alleges, that Plaintiff

has engaged in conduct and activities by reason of which he is estopped to assert any claim or demand for relief against Defendant.

### AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH OF PLAINTIFF'S PURPORTED CAUSES OF ACTION DEFENDANT ALLEGES

117.   Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred on the grounds that Plaintiff has inexcusably and unreasonably delayed the commencement of the action, to the prejudice of Defendant.

### AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH OF PLAINTIFF'S PURPORTED CAUSES OF ACTION DEFENDANT ALLEGES

118.   Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint and each cause of action alleged therein are barred by the doctrine of unclean hands.

### AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH OF PLAINTIFF'S PURPORTED CAUSES OF ACTION DEFENDANT ALLEGES

119.   Defendant is informed and believes, and thereon alleges, that it has no civil liability under the Rosenthal FDCPA, Civil Code §1788, *et seq.*, pursuant to Civil Code § 1788.30(d), as Defendant had no opportunity to reasonably cure any violation for which liability is now being claimed as plaintiff failed to notify Defendant in writing of any claimed violation prior to bringing this action.

### AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH OF PLAINTIFF'S PURPORTED CAUSES OF ACTION DEFENDANT ALLEGES

120.   Defendant is informed and believes, and thereon alleges, that it has no liability for the Plaintiff's claims pursuant to Civil Code §1788.30(e), as any

alleged violation of the Rosenthal Act by Defendant was not intentional and resulted notwithstanding the maintenance of procedures reasonably adopted by Defendant to avoid any such violation.

## AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH OF PLAINTIFF'S PURPORTED CAUSES OF ACTION DEFENDANT ALLEGES

121.   Defendant is informed and believes, and thereon alleges, that plaintiff intentionally violated the Rosenthal Act, Civil Code §1788, *et seq.*, and thus is subject to the defense found in California Civil Code §1788.30(g).

## AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH OF PLAINTIFF'S PURPORTED CAUSES OF ACTION DEFENDANT ALLEGES

122.   Defendant is informed and believes, and thereon alleges, that it has no civil liability under the FDCPA, 15 U.S.C. §1692, *et seq.*, pursuant to 15 U.S.C. §1692k(c), as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

## AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH OF PLAINTIFF'S PURPORTED CAUSES OF ACTION DEFENDANT ALLEGES

123.   Defendant is informed and believes, and thereon alleges, that this answering defendant alleges that the representations or statements alleged to have been made by this defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.

## AS AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO EACH OF PLAINTIFF'S PURPORTED CAUSES OF ACTION DEFENDANT ALLEGES

124.   Defendant is informed and believes and thereon alleges that statutory

and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### AS A NINTEENTH SEPARATE AND AFFIRMATIVE
### DEFENSE TO EACH OF PLAINTIFF'S PURPORTED
### CAUSES OF ACTION DEFENDANT ALLEGES

125.   Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint and each cause of action alleged therein is barred because each claim of Plaintiff's is subject to the creditor's privilege under California common law to protect its economic interests.

### AS A TWENTIETH SEPARATE AND AFFIRMATIVE
### DEFENSE TO EACH OF PLAINTIFF'S PURPORTED
### CAUSES OF ACTION DEFENDANT ALLEGES

126.   Defendant is informed and believes, and thereon alleges, that Plaintiff's complaint and each cause of action alleged therein is barred because defendant's actions were taken in reasonable reliance upon information it believed in good faith to be true and accurate.

### AS A TWENTY-FIRST SEPARATE AND AFFIRMATIVE
### DEFENSE TO EACH OF PLAINTIFF'S PURPORTED
### CAUSES OF ACTION DEFENDANT ALLEGES

127.   Defendant is informed and believes, and thereon alleges, that Plaintiff has waived his right to bring the claims stated in his Complaint based upon a waiver provision in the contract between Plaintiff and Defendant.

### AS A TWENTY-SECOND SEPARATE AND AFFIRMATIVE
### DEFENSE TO EACH OF PLAINTIFF'S PURPORTED
### CAUSES OF ACTION DEFENDANT ALLEGES

128.   Defendant is informed and believes, and thereon alleges, that Plaintiff consented to all of the acts and/or conduct allegedly taken by Defendant thereby barring Plaintiff from recovering damages from Defendant.

1

## AS A TWENTY-THIRD SEPARATE AND AFFIRMATIVE

2

## DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

3

## CAUSES OF ACTION DEFENDANT ALLEGES

4      129.   Defendant is informed and believes, and thereon alleges, that

5   Plaintiff's Complaint, and each purported cause of action stated therein, is barred

6   by a contractual limitations period.

7

## AS A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE

8

## DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

9

## CAUSES OF ACTION DEFENDANT ALLEGES

10      130.   Defendant is informed and believes, and thereon alleges, that the

11   Complaint and each cause of action therein are barred because Defendant was not

12   notified by a credit reporting agency that Plaintiff was disputing the accuracy of the

13   information provided to the agency.

14

## AS A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE

15

## DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

16

## CAUSES OF ACTION DEFENDANT ALLEGES

17      131.   Defendant is informed and believes, and thereon alleges, that the

18   Complaint and each cause of action therein are barred because Defendant is not a

19   furnisher of information to credit reporting agencies.

20

## AS A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE

21

## DEFENSE TO EACH OF PLAINTIFF'S PURPORTED

22

## CAUSES OF ACTION DEFENDANT ALLEGES

23      132.   Defendant is informed and believes, and thereon alleges, that it has no

24   liability for the Plaintiff's claims pursuant to Civil Code §1785.25(g), as any

25   alleged violations of the Consumer Credit Reporting Agencies Act resulted

26   notwithstanding the maintenance of reasonable procedures to comply with those

27   provisions.

28   / / /

AS A TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE
DEFENSE TO EACH OF PLAINTIFF'S PURPORTED
CAUSES OF ACTION DEFENDANT ALLEGES

133.   Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint, and each purported cause of action stated therein, is barred by an arbitration provision in the contract between Plaintiff and Defendant which requires Plaintiff to arbitrate his claims against Defendant.

TRIAL BY JURY

134.   Defendant demands a trial by jury.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff takes nothing by his Amended Complaint;

2.     For attorneys' fees incurred herein;

3.     That Defendant recover its costs of suit herein; and

4.     For such other and further relief as the Court deems just and proper.

Dated:  May 4, 2016               AT&T SERVICES LEGAL DEPARTMENT


                                  By: */s/ David J. Benner*
                                  DAVID J. BENNER
                                  Attorneys for Defendant
                                  DIRECTV, LLC

CASE NO.  16-cv-00160-JLS-KSC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2016, a true and accurate copy of the foregoing **DEFENDANT DIRECTV, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPAINT** was served on the following:

Roy Tuck
1600 E. Vista Way #85
Vista, CA  92084
Tel: (760) 840-1551

By placing a true and accurate copy of the document(s) listed above in an envelope addressed as set forth below.  I then sealed each envelope and, with First Class postage thereon fully prepaid, either deposited each in the United States Postal Service or placed each for collection and depositing in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid.

Dated:  May 4, 2016

By: _____
Terri Zucconi
AT&T SERVICES LEGAL
DEPARTMENT

687891

1